,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. HEDDERMAN,<br><br>   Petitioner,<br><br>  v.<br><br>SAN MATEO COUNTY SHERIFF,<br><br>   Respondent. | Case No. 14-cv-03906-VC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 2, 4, and 9 |

  Petitioner John G. Hedderman, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the $5.00 filing fee.  Therefore, his motions for leave to proceed *in forma pauperis* are denied as moot.  *See* Dkt. Nos. 2 and 4.  The petition shows that Hedderman was convicted in San Mateo County Superior Court and, on November 19, 2013, was sentenced to five years, eight months in prison.[1]  Hedderman asserts the following claims: (1) violation of his right to a fair trial; (2) ineffective assistance of counsel; (3) unconstitutional sentence; (4) prosecutorial misconduct; (5) violation of his right to a speedy trial; (6) violation of his right to due process.  Hedderman also filed a motion "for partial and/or full stay of sentence," in which he seeks a stay of his transfer from jail into a residential rehabilitation program.  *See* Dkt. No. 9.  This motion is denied.  The Court lacks the authority to grant such a request.

  It does not appear from the face of the petition that it is clearly without merit.  Good cause appearing, the Court hereby issues the following orders:

---

[1] The petition does not indicate the crime for which Hedderman was convicted.

1.  The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Hedderman at his current address.

2.  No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Hedderman an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Hedderman wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3.  No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Hedderman a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Hedderman shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Hedderman a reply within fourteen days of receipt of an opposition.

4.  It is Hedderman's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

6.  The motions to proceed in forma pauperis are denied as moot. The motion for

partial and/or full sty of sentence is denied.

      7.    This Order terminates docket numbers 2, 4 and 9.

**IT IS SO ORDERED**.

Dated: November 10, 2014

_____
VINCE CHHABRIA
United States District Judge