UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. HEDDERMAN,<br>　　　　Petitioner,<br>　　v.<br>SAN MATEO COUNTY SHERIFF,<br>　　　　Respondent. | Case No. 14-cv-03906-VC (PR)<br><br>**ORDER FOR CLARIFICATION FROM PETITIONER RE: EXHAUSTION** |

Petitioner John Hedderman has filed a petition for a writ of habeas corpus challenging his conviction, which was entered pursuant to a plea of no contest. In his petition, Hedderman asserts eight claims. Respondent argues that claim five, for violation of Hedderman's right to a speedy trial or sentencing, and claim seven, for violation of Hedderman's due process right to appeal his plea bargain, are unexhausted. In his traverse, Hedderman neither addresses the exhaustion issue nor reasserts these claims. Therefore, he may be voluntarily dismissing them. However, he must specify his wish to dismiss them so that his petition will not be a mixed petition. If he wishes to exhaust them, he must specify that as well.

Prisoners in state custody who wish to challenge their conviction or sentence in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). If Hedderman's federal petition contains both exhausted and unexhausted claims, it is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot

adjudicate the merits of a mixed petition. R*ose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(2).

To remedy this situation, Hedderman is granted the opportunity to elect either to proceed with only his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, Hedderman must choose whether he wants to –

(1) dismiss the unexhausted claims and proceed with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Hedderman is cautioned that each option has risks. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). Under option (3), his federal case will be administratively closed while he is diligently seeking relief in state court. If he chooses option (3), he must file a motion in this Court to obtain a stay and, if the motion is granted, must act diligently to file a petition with his unexhausted claims in the California Supreme Court, obtain a decision from the California Supreme Court on his unexhausted claims, and file a motion to reopen his case and proceed with his petition in this Court.

A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Rhines v. Weber,* 544 U.S. 269, 277-78 (2005).[1]

---

[1] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully

1   Any stay must be limited in time to avoid indefinite delay.  *Id.*  Reasonable time limits
2   would be 30 days to get to state court, as long as necessary for the state court to adjudicate the
3   claims, and 30 days to get back to federal court (if necessary) after the final ruling on the claims
4   by the state court.  *Id.* at 278; *Kelly*, 315 F.3d at 1071.  If Hedderman moves for a stay, he must
5   show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Within twenty-one days from the date of this order, Hedderman must file a declaration clarifying how he wishes to proceed with his unexhausted claims.  If he chooses option three, he must concurrently file a motion for a stay of this action while he exhausts his unexhausted claims in state court.

2. If Hedderman does not respond within twenty-one days, the Court will assume that he wishes to voluntarily dismiss claims five and seven and they will be dismissed from the petition.

**IT IS SO ORDERED**.

Dated: May 8, 2015

_____
VINCE CHHABRIA
United States District Judge

---

exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43.

3