UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. HEDDERMAN,<br><br>            Petitioner,<br><br>    v.<br><br>SAN MATEO COUNTY SHERIFF,<br><br>            Respondent. | Case No. 14-cv-03906-VC  (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

John G. Hedderman has filed a *pro se* habeas petition challenging the validity of his conviction following a plea of no contest to three counts of unauthorized practice of law by a person involuntarily enrolled as an inactive member of the State Bar, one count of receiving property under an assumed character, and one count of second degree burglary.  Hedderman asserts the following claims: (1) denial of due process based on a conflict of interest with the San Mateo County Superior Court and because the people involved in his criminal case were employed by the victim, San Mateo County; (2) twenty subclaims of ineffective assistance of trial counsel; (3) cruel and unusual punishment; (4) five subclaims of prosecutorial misconduct; and (5) denial of due process based on the vagueness of some charges.  Because all of the claims lack merit, the petition is denied.

**BACKGROUND**

On February 27, 2013, Hedderman pled no contest to the five charges described above.  On November 19, 2013, the court sentenced him to five years, eight months, with two years and eight months to be served in county jail and three years to be spent under supervision by the

probation department.

On direct appeal, Hedderman's appellate counsel filed a brief under *People v. Wende*, 25 Cal.3d 436 (1979), asking the court for an independent review of the record to determine if there were any arguable issues. On May 30, 3014, the California Court of Appeal affirmed the judgment in an unpublished decision. Ex. 4. Because Hedderman pled no contest, under California Rule of Court 8.304(b), the court's review was limited to his sentence or matters occurring after the plea that did not affect its validity. *Id.* The court found no error in Hedderman's sentence and affirmed the judgment. *Id.*

Hedderman filed a *pro se* supplemental brief in the Court of Appeal, which the court construed as a petition for rehearing. Ex. 6. The court granted Hedderman permission to file the petition, but denied it because it raised no meritorious issues. *Id.* On July 10, 2014, Hedderman filed a petition for review in the California Supreme Court, which was denied without comment on August 13, 2014. Exs. 7, 8. Hedderman did not file a state petition for a writ of habeas corpus. Pet. at 3.

Because Hedderman pled no contest, the facts pertaining to his offenses are summarized from the probation report: Ruben Biscelgia hired Hedderman to be his attorney in a criminal matter. Although Hedderman's license to practice law was suspended in 2002, he agreed to represent Biscelgia and charged him $3,500. When Hedderman appeared in court, he identified himself as Rance Donald Welch, an attorney from southern California who was Hedderman's former employer. Hedderman appeared numerous times in court, always identifying himself as Welch. Hedderman was arrested and, after he received his *Miranda* warnings, admitted to the fraud. Hedderman said he believed he would not be discovered as an imposter because no one in San Mateo County knew him or Welch. Ex. 9 at 4 (Probation Report, filed under seal).

**LEGAL STANDARD**

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant habeas relief unless the state court's adjudication of the claim:

2

1  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

2  established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

3  in a decision that was based on an unreasonable determination of the facts in light of the evidence

4  presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362,

5  412 (2000). This is a highly deferential standard for evaluating state court rulings: "As a condition

6  for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

7  ruling on the claim being presented in federal court was so lacking in justification that there was

8  an error well understood and comprehended in existing law beyond any possibility for fairminded

9  disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Where, as is true of all of

10 Hedderman's claims, the state court's rejection of the claims is unaccompanied by an explanation,

11 the burden is on the petitioner to show that there was no reasonable basis to deny relief. *Id*. at 98.

## DISCUSSION

### I. Conflict of Interest Claims

14  Hedderman contends he was denied due process because his defense attorney, the judge

15 and prosecutor failed to advise him that they were the "victims" of the burglary charge that

16 Hedderman committed by entering the San Mateo County courthouse with the intent to commit a

17 felony. To the extent these claims are not barred by Hedderman's plea of no contest, the victims in

18 Hedderman's case were Biscelgia and Welch; that the offenses took place in the San Mateo

19 Courthouse does not mean that San Mateo County was the victim. Thus, the allegation that the

20 judge and the lawyers were "victims" is baseless.

21  Hedderman's similar due process claim, based upon the allegation that the people who

22 were involved in his criminal case were employed by the "victim," San Mateo County, is denied

23 for the same reasons.

24  In his federal petition, Hedderman adds allegations of bias by the trial court. These

25 allegations were not included in his state petition and, therefore, the claims based on them are

26 unexhausted. A federal habeas court may not grant an unexhausted claim, but may deny it when it

27 is clear that the petitioner did not raise even a colorable federal claim. *Cassett v. Stewart*, 406

28 F.3d 614, 624 (9th Cir. 2005). Hedderman's allegations of judicial bias do not raise even a

colorable federal claim. The same is true of his claims of bias by the prosecutor and defense counsel, and his related claim that his plea was not intelligent or voluntary.

**II. Ineffective Assistance of Trial Counsel Claims**

In his federal petition, Hedderman raises twenty subclaims of ineffective assistance of counsel. In his state petition, he presented thirteen subclaims; therefore, seven subclaims are unexhausted. Because all the subclaims are denied, the Court does not distinguish between exhausted and unexhausted claims.

To prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A "doubly" deferential judicial review is appropriate in analyzing ineffective assistance of counsel claims under § 2254. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1410-11 (2011); *Harrington*, 562 U.S. at 105; *Premo v. Moore*, 562 U.S. 115, 122-23 (2011). The general rule of *Strickland*, *i.e.*, to review a defense counsel's effectiveness with great deference, gives the state courts greater leeway in reasonably applying that rule, which in turn "translates to a narrower range of decisions that are objectively unreasonable under AEDPA." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). When § 2254(d) applies, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

Second, a petitioner must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Either prong under *Strickland* may be addressed first. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (performance prong need not be addressed if it is easier to dispose of ineffectiveness claim based on lack of sufficient prejudice).

Moreover, in light of the complexity and uncertainties that attend plea bargaining, it is

especially essential that a federal habeas court respect the latitude for counsel's judgment that *Strickland* requires at that stage in the proceedings. *Premo*, 562 U.S. at 126. The absence of evidence that counsel gave constitutionally inadequate advice regarding a plea offer cannot overcome the presumption that counsel's conduct was within the range of reasonable professional advice. *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013). To establish prejudice from counsel's advice to accept a plea offer, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

In his petition, Hedderman does not argue that, but for counsel's errors, there is a reasonable probability that he would have pleaded not guilty and have insisted on going to trial. Therefore, the ineffectiveness claims pertaining to his plea must be denied because he has not established prejudice. For the first time in his traverse, Hedderman states that, if he had known of counsel's errors, he "would have gone to trial and fully litigated his rights." Trav. at 11. However, this untimely, self-serving statement is insufficient to overcome the record evidence. The record shows that the criminal information alleged thirteen counts against Hedderman. Ex. 1, Clerk's Transcript at 11-18. His attorney negotiated a plea in which Hedderman was required to plead guilty to only five of those counts. Furthermore, after Hedderman was given his *Miranda* warnings, he confessed to his crimes. He also submitted a letter to the court and district attorney confirming that he immediately took responsibility for his crimes "the minute he was interviewed by the detective." Pet., Ex. A, Sentencing Brief, Letter of Apology to Judge and District Attorney. Given this incriminating evidence and the dismissal of eight of the thirteen counts against Hedderman, it is not reasonably probable that he would have rejected the plea and gone to trial, even if counsel's performance had been deficient.

Many of Hedderman's ineffectiveness claims pertain to his sentencing hearing. These claims are not cognizable in federal habeas review. *See Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006) (habeas relief unavailable for claims of ineffective assistance of counsel at sentencing in non-capital cases); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244-45 (9th Cir. 2005) (because no Supreme Court precedent applies to ineffective assistance of counsel in ordinary

sentencing hearings, state court's denial of this claim was not contrary to or an unreasonable application of clearly established Federal law). Likewise, his ineffectiveness claims pertaining to the court's restitution order are not cognizable on federal habeas review. *See Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010) (federal habeas court lacks jurisdiction to hear claims challenging the money portion of a state judgment, such as a restitution order, or claims of ineffective assistance pertaining to restitution orders).

One of Hedderman's claims pertains to his appeal. He states that he gave his counsel a notice of appeal, counsel did not file it and Hedderman was forced to file a last-minute appeal "asking for the wrong type of appeal." Pet. at 12. The docket of the Court of Appeal indicates that a notice of appeal was timely filed on December 17, 2013 and the court then appointed appellate counsel to represent Hedderman. Ex. 5. Hedderman does not explain what he means by "the wrong type of appeal" and how it prejudiced him.

Therefore, the state courts' rejection of the thirteen ineffectiveness claims Hedderman presented in his state petition was not contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Hedderman's unexhausted claims do not raise colorable claims for relief.

**III. Cruel and Unusual Punishment and Other Sentencing Claims**

Hedderman asserts several claims pertaining to his sentencing. First, he contends that his five year, eight month sentence constitutes cruel and unusual punishment. This claim was not presented to the state courts and is therefore unexhausted. But it is denied because it is not a colorable claim. Hedderman's sentence falls within the proportionality principles established by the Supreme Court in *Lockyer v. Andrade*, 538 U.S. 63 (2003), *Ewing v. California*, 538 U.S. 11 (2003), *Solem v. Helm*, 463 U.S. 277 (1983) and *Harmelin v. Michigan*, 501 U.S. 957 (1991). His sentence of two years and eight months to be served in jail and three years to be under the supervision of the probation department is reasonable in light of his plea to five felonies.

Next, Hedderman complains that the sentencing court promised, "on the record," to consider no jail time, but instead sentenced him to more than two years in jail. However, at the plea hearing, the court stated that it would "consider probation and a drug treatment program. Do

you understand this is just a possibility, not guaranteed?" Ex. 2 at 3. Hedderman replied, "Yes, Your Honor." *Id.* At the sentencing hearing, the court provided reasons for selecting the aggravated term, and included probation and a drug treatment program for more than half the term of the sentence. Ex. 2 at 18-19. This sentence was within the court's discretion. *Id.* at 14-15.

Hedderman next contends his sentence exceeded the maximum described in the plea agreement because it included an undetermined amount of residential rehabilitation. The court required Hedderman to be in a residential treatment program during his three years of probation, until his release was approved by the probation department or the program director. *See* Probation Report, at 44; Ex. 2 at 15, 17-18. However, Hedderman presents no evidence showing that the program required more than three years for completion.

Hedderman's sentencing claim pertaining to restitution is not cognizable on federal habeas review.

Hedderman's contention that the terms for each count should have been concurrent rather than consecutive is a state law issue, for which federal habeas review is not available. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (federal habeas court is bound by state court's interpretation of its own laws).

In summary, none of Hedderman's claims regarding sentencing warrants habeas relief.

**IV. Prosecutorial Misconduct**

Hedderman raises five subclaims of prosecutorial misconduct. First, he claims that the prosecutor failed to disclose that Hedderman's criminal conduct, which allegedly was against the district attorney's office, created a conflict. But as discussed above, there was no conflict.

Hedderman's contention that the prosecutor did not serve the sentencing memorandum on his attorney is belied by the proof of service, showing it was served on Hedderman's counsel. *See* Ex. 1 at 27.

Hedderman's claim that the prosecutor falsely told the court that additional charges were pending is denied. At the sentencing hearing, the court referred to the plea agreement to determine that the maximum penalty was five years, eight months and that the court would consider a drug treatment program. Ex. 2 at 15-16. Then the court took a break to locate a form for a split

7

sentence. Id. at 16. After the break, the prosecutor said that he had been informed that new charges would be filed in San Bernardino against Hedderman. The court merely asked whether the San Bernardino offense was before or after the offenses charged in this case and the prosecutor stated he did not know. *Id.* at 17. The court did not mention the alleged San Bernardino offenses again. In sentencing Hedderman, the court referred to circumstances in aggravation that included the planning and sophistication required by the crimes and that Hedderman had served a prior prison term and was on post-release community supervision when the present offenses occurred. *Id.* at 18. This record strongly suggests that the prosecutor's statement did not influence the court's sentencing decision and Hedderman fails to point to evidence suggesting the contrary.

Hedderman's contention that the prosecutor misled the court by stating Hedderman had thirteen prior felony convictions without mentioning it involved one case is meritless; the probation report stated that Hedderman had thirteen felonies stemming from one case. See Ex. 9 at 44-45.

Lastly, Hedderman contends that prosecutorial misconduct occurred because his letter of apology, which he addressed to the court and to the district attorney, was in the district attorney's file but not the court file. This claim is baseless because Hedderman does not explain how this constitutes prosecutorial misconduct.

**V. Vagueness Claim**

Hedderman contends that two of the charges to which he pled no contest are vague and ambiguous. This claim is unexhausted, but it is denied because it does not state a colorable claim. Because Hedderman pled no contest to these charges, he is precluded from challenging them on vagueness grounds now. *See Tollett v. Henderson*, 411 U.S. 258, 267-68 (1973); *Fairbanks v. Ayers*, 650 F.3d 1243, 1254-55 (9th Cir. 2011).

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

Dated: September 17, 2015

_____
VINCE CHHABRIA
United States District Judge